UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-80654-CIV-MARRA

LINDA GAUB, as heir to the Intestate Estate of
Ronald Gaub,

Plaintiff,

vs.

WAL-MART STORES, INC., and the
Wal-Mart Stores, Inc. Corporation
Grantor Trust,

Defendants.
_____/

## OPINION AND ORDER

This cause is before the Court upon Defendants Wal-Mart Stores, Inc. and the Wal-Mart Stores, Inc. Corporation Grantor Trust's Rule 12(b)(3) Motion to Dismiss Plaintiff's First Amended Class Action Complaint or, in the alternative, Motion to Transfer Venue (DE 12).  The motion is fully briefed and ripe for review.  The Court has carefully considered the Motion and is otherwise fully advised in the premises.

I. Background

Plaintiff, Linda Gaub ("Plaintiff"), as the sole beneficiary of decedent Ronald Gaub ("decedent"), brings a three-count First Amended Class Action Complaint against Defendants Wal-Mart Stores, Inc. and the Wal-Mart Stores, Inc. Corporation Grantor Trust (collectively, "Wal-Mart," "Defendants") for declaratory judgment (counts one and two) and unjust enrichment (count three).  (First. Am. Compl. ("FAC"), DE 9.)  According to the allegations of the FAC, decedent was the husband of Plaintiff, his "sole beneficiary."  Decedent passed away in 1994.

From 1990 until his death, decedent worked at Wal-Mart as department head in the garden center in Palm Beach County.  (FAC ¶ 1.)   During the 1990s, when decedent and other Wal-Mart employees died, Wal-Mart received proceeds through a corporate owned life insurance ("COLI") policy it had obtained to insure the lives of more than 350,000 Wal-Mart employees. (Id. ¶¶ 5, 7.)   When decedent died, Wal-Mart received more than $75,000.00 under the COLI policy. (Id. ¶ 12.)   Neither decedent nor Plaintiff knew that Wal-Mart had insured his life for Wal-Mart's sole benefit.  Plaintiff only learned about this after she received a class action notice from the United States District Court for the Middle District of Florida in Atkinson v. Wal-Mart, case number 8:08-CV-00691-JSM ("Atkinson "). (Id. ¶ 1.)

Plaintiff seeks a declaration that she was not a member of the Atkinson class settlement and seeks to recover life insurance benefits Wal-Mart allegedly wrongfully received or withheld upon the death of decedent.  Plaintiff seeks the same relief through this class action for all others similarly situated. (Id. ¶ 2.)  The FAC alleges that venue is proper under 28 U.S.C. § 1391 because Defendants reside in this district and a substantial part of the events giving rise to the claims occurred in this district. (Id. ¶ 15.)

On December 29, 2011, the United States District Court for the Middle District of Florida entered a final judgment approving a class action settlement in the Atkinson case. (Order of Final Approval and Final Judgment, Ex. 2, DE 9-2.)   The 223-member Atkinson settlement class included decedent. (Id. p. 3.)  Plaintiff made a claim on behalf of the decedent's estate for a share of the Atkinson settlement fund. (May 3, 2012 and May 21, 2012 emails, Ex. 6, DE 9-6; May 4, 2012 letter, Ex. 7, DE 9-7.)  Her claim was not accepted as valid because, among other reasons, she failed to submit the proof required by the final judgment that she had been appointed

2

the estate's administrator or executor. (Order of Final Approval and Final Judgment p.9; May 3, 2012 and May 21, 2012 emails.)

The Atkinson case sought class certification of the following class:

> The estates of Wal-Mart associates whose lives were insured under Corporate Owned Life Insurance policies purchased by Wal-Mart or the Trust while the employees resided or died in Florida and whose deaths resulted in the payment of insurance policy benefits to Wal-Mart of the Trust.

(Atkinson Class Action Compl. ¶ 21, Ex. 3, DE 9-3.)

Initially, the United States District Court for the Middle District of Florida denied the motion for class certification and dismissed the case for lack of standing, finding that Florida law did not recognize a retroactive cause of action permitting a personal representative of a deceased employee to maintain a cause of action to recover benefits received by an employer under a COLI program. Atkinson v. Wal-Mart Stores, Inc., 349 F. App'x 426, 426 (11th Cir. 2009). On appeal, the United States Court of Appeal for the Eleventh Circuit certified a question of law to the Florida Supreme Court. Id. at 429. While that question was pending, the parties entered into a class action settlement. (FAC ¶ 40.) The final judgment defined the settlement class to include:

> the estates of the following persons [including decedent] whose lives allegedly were insured under Corporate Owned Life Insurance ("COLI") policies purchased by Wal-Mart or the Trust while they worked as Wal-Mart associates in Florida and whose deaths occurred no later than January 31, 2000 and allegedly resulted in the payment of insurance policy benefits to Wal-Mart or the Trust.

(Final Judgment pp. 1-2.)

The final judgment also stated that:

> each member of the settlement class are subject to the exclusive jurisdiction and venue of the United States District Court for the Middle District of Florida for any suit, action, proceeding, case, controversy, or dispute related to the Settlement Agreement that is the subject of this final judgment.

3

(Final Judgment p.6.)

The Final Judgment further provided:

This Court shall have exclusive jurisdiction and authority to rule upon and issue a final order with respect to the subject matter of any such action, suit or proceeding whether judicial, administrative, or otherwise, which may be instituted by any person or entity, individually or derivatively, with respect to (i) the validity or enforcement of the Settlement Agreement, (ii) the authority of any Released Party to enter into or perform the Settlement Agreement in accordance with its terms, (iii) the remedies afforded by this Order of Final Approval and Final Judgment and the Settlement Agreement, or the attorneys' fees, representatives' fees, interest, costs or expenses provided for in this Order of Final Approval and Final Judgment, (iv) any other foreseen or unforeseen case or controversy relating to or impacted by this Order of Final Approval and Final Judgment and Settlement Agreement or (v) the enforcement, construction, or interpretation of the Settlement Agreement or this Order of Final Approval and Final Judgment. This reservation of jurisdiction does not limit any other reservation of jurisdiction in this Order of Final Approval and Final Judgment nor do any other such reservations limit the reservation in this sub-subsection.

(Final Judgment p. 7.)

The Final Judgment also stated that members of the settlement class, who did not opt out, "shall be forever barred from bringing or presenting any action or proceeding against any of the parties released by the terms of the Settlement Agreement that involve or assert any of the claims released by that Settlement Agreement." (Final Judgment p. 5.) Furthermore, the final judgment noted that "[c]laims for a settlement distribution must be supported by evidence demonstrating that the claimant is entitled to receipt of settlement funds in the form of an order signed by a court that establishes the claimant as executor or administrator of a proper class member's estate." (Final Judgment p. 8.)

The FAC asks that this Court find that the Atkinson settlement did not include the beneficiaries of decedent and others similarly situated. The remaining two counts of the FAC bring the same causes of action brought in the Atkinson case. Defendants request the Court dismiss the

FAC for improper venue because the United States District Court for the Middle District of Florida, in accordance with the Atkinson settlement agreement, reserved exclusive jurisdiction over all matters related to the COLI policies taken out by Wal-Mart on its Florida employees, including decedent. Alternatively, Defendants contend that transfer is appropriate under 28 U.S.C. § § 1406(a) or 1404 on the basis that the FAC is inextricably involved with the Atkinson settlement and seeks to undermine the final judgment in Atkinson.

Plaintiff responds that she does not seek to collaterally attack the Atkinson final judgment. Instead, she asserts that she is not bound by it. Specifically, Plaintiff claims that this action is not bound by res judicata because she was not a member of the class and is not a party. Plaintiff also claims that the res judicata issue should be decided by this Court and not the Middle District of Florida.

II. Discussion

A motion to transfer venue is governed by 28 U.S.C. § 1404(a) which provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The standard for transfer under 28 U.S.C. § 1404(a) leaves much to the broad discretion of the trial court, and once a trial judge decides that transfer of venue is or is not justified, the ruling can be overturned only for clear abuse of discretion.  See Brown v. Connecticut Gen. Life Ins. Co., 934 F.2d 1193, 1197 (11th Cir.1991).

Congress authorized courts to transfer the venue of a case in order to avoid unnecessary inconvenience to the litigants, witnesses, and the public and to conserve time, energy and money. Van Dusen v. Barrack, 376 U.S. 612, 616 (1964). To obtain dismissal under the transfer doctrine,

"[t]he moving party must demonstrate that (1) an adequate alternative forum is available, (2) the public and private factors weigh in favor of dismissal, and (3) the plaintiff can reinstate his suit in the alternative forum without undue inconvenience or prejudice." Leon v. Million Air, Inc., 251 F.3d 1305, 1310–11 (11th Cir.2001).   Private-interest factors include "the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive." American Dredging Co. v. Miller, 510 U.S. 443, 448 (1994) (quoting Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (1947)); Membreno v. Costa Crociere S.p.A., 425 F.3d 932, 937 (11th Cir.2005).

> The public interest factors to be considered include:
>
> the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; the avoidance of unnecessary problems in conflict of laws, or in the application of foreign law; and the unfairness in burdening citizens in an unrelated forum with jury duty.

Piper Aircraft Co. v. Reyno, 454 U.S. 235, 241 n.6 (1981) (internal quotation marks omitted).

After careful consideration, the Court finds that transfer of this action to the Middle District of Florida is appropriate.  The Middle District of Florida previously ruled that each member of the Atkinson settlement is "subject to the exclusive jurisdiction and venue of the United States District Court for the Middle District of Florida for any suit, action, proceeding, case, controversy, or dispute related to the Settlement Agreement that is the subject of this final judgment." (Final Judgment.) Moreover, the estate of decedent is an expressly-named member of the Atkinson settlement class, and therefore is subject to that court's exclusive jurisdiction. (Id.)  It is axiomatic that a district court

6

retains jurisdiction to enforce the terms of its judgments.   See e.g., Lasky v. Continental Prods. Corp., 804 F.2d 250, 254 (3d Cir. 1986) (a court has inherent power to modify a consent decree that it initially had the power to approve); Kohn Indus. Park Co. v. Rockland County, 710 F.2d 895, 900 (2d Cir. 1983) (a district court has the power to enforce the settlement agreement entered into by the parties and formally approved through court order); Sarabia v. Toledo Police Patrolman's Ass'n, 601 F.2d 914, 918 (6th Cir. 1979) ("courts retain the inherent power to enforce agreements entered into in settlement of litigation pending before them");  Fairfax Countywide Citizens Ass'n v. County of Fairfax, 571 F.2d 1299, 1303 n.8 (4th Cir. 1978) (Where the settlement agreement is approved and incorporated into an order of court, the district court possesses jurisdiction to enforce its own order); Ohio Pub. Interest Research Group v. Wheeling-Pittsburgh Steel Corp., No. C2-88-1523, 1989 WL 201270, at * 1 (S.D. Ohio. Sept. 25, 1989) (courts have inherent power to enforce settlement agreements or consent decrees entered into in litigation pending before them).  Thus, to the extent Plaintiff contends that the Atkinson class did not include the estate of decedent or that the procedures of the Middle District of Florida did not adequately permit Plaintiff to claim settlement proceeds, object to the settlement, or opt-out of the settlement, those are matters for the court that retained exclusive jurisdiction to resolve.  See Melamed v. Blue Cross of Cal., 470 F. App'x 830, 831 (11th Cir. 2012) (proper use of district court discretion to decline to entertain a declaratory judgment action when another federal court action involved the same controversy).

Moreover, taking the various private and public factors into consideration, the Court finds that the Middle District of Florida has a stronger connection to this case.  The Atkinson case was filed in that district and actively litigated there.  That court approved the settlement, authorized the notice to be provided and issued a final judgment. In other words, the Middle District of Florida has

already spent extensive time and resources on the issues in this case whereas this Court has not

addressed any of those issues.  As such, transfer is appropriate.  See J2 Global Communications, Inc.

v. Protus IP Solutions, Inc., No. 6:08-cv-211, 2008 WL 5378010, at * 5 (E.D. Tex. Dec. 23, 2008)

("If the overlap between cases is substantial, then transferring the cases to a single judge may

increase judicial economy and decrease the risk of inconsistent claim constructions . . . [T]ransfer

is most appropriate when one court has extensive familiarity with the . . . the legal issues involved

. . . and the cases involve the same or similar defendants with the same or similar products.);

Mikkilineni v. Penn Nat. Mut. Cas. Ins. Co., 271 F. Supp. 2d 142, 150-51 (D.D.C. 2003) ("The court

determines that the claims in the instant action pertain to [the defendant's] role in the Project and

duplicate many of the claims advanced in the plaintiff's Western District of Pennsylvania cases. . .

. The plaintiff's action also demonstrates that he is shopping for a new forum. The plaintiff filed the

complaint in this matter . . . in blatant violation of the Western District of Pennsylvania's consent

order, which retained jurisdiction over cases regarding [the defendant] and the Project, such as the

instant case. Consequently, to prevent the plaintiff from using this court as a "safe haven" from

Pennsylvania's order, the court grants [the defendants'] motion to transfer the instant action to the

Western District of Pennsylvania.").

  Lastly, the factors relied upon by Plaintiff in opposing transfer are unpersuasive.  Plaintiff

states that she and Defendants are located in Palm Beach County, and Plaintiff's *local* counsel[1] and

Defendants' counsel are in the Southern District of Florida.   The Court finds that these

considerations do not justify disregarding the Middle District of Florida's final judgment which

---

[1] Presumably, Plaintiff, whose counsel is from Texas, can find local counsel in the Middle
District of Florida.

retained jurisdictions over all controversies relating to the Atkinson case. [2]

      <u>III. Conclusion</u>

      Accordingly, Defendants' Rule 12(B)(3) Motion to Dismiss Plaintiff's First Amended Class Action Complaint or, in the alternative, Motion to Transfer Venue (DE 12) is **GRANTED IN PART AND DENIED IN PART**.  The motion to dismiss is denied and the motion to transfer is granted.  Pursuant to 28 U.S.C. § 1406(a), the Clerk shall **TRANSFER** this case to the United States District Court for the Middle District of Florida.  All other pending motions are **DENIED AS MOOT**.  The Clerk shall **CLOSE** this case.

      **DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 6th  day of November, 2012.

                                          KENNETH A. MARRA
                                        United States District Judge

---

[2] The Court notes that Plaintiff devoted a considerable portion of her response memorandum to arguing that this action is not barred by *res judicata*.  *Res judicata*, however, is a merits-based argument and does not factor into a transfer analysis. Of course, Plaintiff is not precluded from raising this argument in the Middle District of Florida.